IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBIN CALICO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: CV08-RRA-2184-S |
| | ) |
| LIFE INSURANCE COMPANY OF NORTH | ) |
| AMERICA; ADVANTAGE 2000 | ) |
| CONSULTANTS, INC.; LEHIGH CEMENT | ) |
| COMPANY; and LEHIGH CEMENT | ) |
| COMPANYMEDICAL DENTAL EXPENSE | ) |
| AND LONG-TERM DISABILITY BENEFITS | ) |
| FOR SALARIED EMPLOYEES EMPLOYEE | ) |
| WELFARE BENEFIT PLAN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION
(Motion for Judgment on the Pleadings, ct. doc. 34)

This is an action for legal and equitable relief seeking redress of violations of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"). This suit is brought pursuant to 29 U.S.C. § 1132(a)(1), in order to secure benefits allegedly due to the plaintiff through an Employee Welfare Benefit Plan and/or an Employee Pension Plan and to enjoin alleged acts or practices of the defendant which the plaintiff contends violate the defendant's fiduciary duties as set forth within 29 U.S.C. § 1104. This action also is brought pursuant to 29 U.S.C. § 1132(a)(3) for a breach of fiduciary duty by a plan fiduciary. This case is before the court on the defendant Advantage 2000 Consultants, Inc.'s Motion for Judgment on the Pleadings.  (Doc. 34.)

1

The defendant contends that the plaintiff cannot maintain a claim based on an alleged breach of fiduciary duty in violation of 29 U.S.C. § 1132(a)(3), because he can maintain a claim for alleged unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B).  The law in this Circuit is well settled on this issue.  In *Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F.3d 1284, 1287 (11th Cir.2003) the Eleventh Circuit wrote:

> We explained in *Katz v. Comprehensive Plan of Group Insurance*, 197 F.3d 1084 (11th Cir.1999), that an ERISA plaintiff who has an adequate remedy under Section 502(a)(1)(B)[1] cannot alternatively plead and proceed under Section 502(a)(3)[2]. *Id.* at 1088-89. We also recognized that an ERISA plaintiff that had an adequate remedy under Section 502(a)(1)(B) cannot assert a Section 502(a)(3) claim after his Section 502(a)(1)(B) claim has been lost. *Id.* at 1089.

*Ogden*, 348 F.3d at 1287.  The court noted that because, at the time his cause of action accrued, the plaintiff had relief available to him under 29 U.S.C. § 1132(a)(1)(B), he could not maintain his claim under 29 U.S.C. § 1132(a)(3).  *Id.* at 1288.  The same circumstances exist in the instant case.

Count Three of the complaint is due to be dismissed.

DONE this 22nd day of October, 2009.

*Robert R. Armstrong*
Robert R. Armstrong, Jr.
United States Magistrate Judge

---

[1] 29 U.S.C. § 1132(a)(1)(B)

[2] 29 U.S.C. § 1132(a)(3)